IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
OCT -6 PM 3:57
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
     DEPUTY CLERK

| | |
|---|---|
| YOGINA REZKO, AARON LE, AND ANDREW BANK, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED;<br>        Plaintiffs,<br><br>-vs-<br><br>XBIOTECH INC., JOHN SIMARD, QUEENA HAN, FABRIZIO BONANNI, W. THORPE MCKENZIE, DANIEL VASELLA, WR HAMBRECHT + CO., LLC,<br>        Defendants. | CAUSE NO.:<br>A-17-CA-00734-SS |

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs' Motion to Remand [#11], Defendants' Response [#14] in opposition, and Plaintiffs' Reply [#17] thereto; and Defendants' Motion to Stay Proceedings Pending Supreme Court's Decision in *Cyan* Litigation [#15], Plaintiffs' Response [#18] in opposition, and Defendants' Reply [#21] thereto. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

This is a securities fraud class action brought on behalf of persons who purchased the stock of Defendant XBiotech Inc. in connection with the company's initial public offering. Plaintiffs assert claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77k, 77l(a)(2), and 77o). *See* Notice Removal [#1-1] Ex. A (Pet.). This lawsuit was filed in the 200th Judicial District Court of Travis County, Texas on July 6, 2017. *Id.* Defendants removed the case to this Court on August 7, 2017. *See* Notice Removal [#1].



Plaintiffs have filed a motion to remand the case back to state court based on the jurisdiction provisions of the Securities Act. *See* 15 U.S.C. § 77v(a). Because only federal-law Securities Act claims are asserted here, Plaintiffs contend the "Except Clause" of § 77v(a) bars removal of this case from the state court where it was filed. As expected, the parties disagree on how the jurisdiction provisions of the Securities Act should be interpreted and applied to this case.

Congress amended the disputed portions of the Securities Act in 1998. Since then, courts (including courts in this circuit) have split on how the statute should be interpreted and applied. Indeed, Plaintiffs and Defendants have cited a plethora of cases in support of their respective positions for remand and removal.

On June 27, 2017, the Supreme Court granted a Petition for Writ of Certiorari in a case that addresses the jurisdiction of covered class actions that allege only Securities Act claims. *See Cyan, Inc. v. Beaver County Employees Ret. Fund*, 137 S. Ct. 2325 (2017). Defendants have moved to stay this case pending the Supreme Court's decision in *Cyan*. *See* Mot. Stay [#15].

The Court agrees a stay pending the outcome of *Cyan* is appropriate here. The Supreme Court's decision in *Cyan* is likely to clarify and resolve the parties' jurisdiction dispute, thereby determining the appropriate court to address the merits of this case. Staying these proceedings will conserve time and resources that could otherwise be undone by the pending *Cyan* decision.

Plaintiffs argue the Court lacks jurisdiction to impose a stay in this case. This argument is premised on Plaintiffs' interpretation of the disputed jurisdictional provisions of the Securities Act. However, as noted above and thoroughly summarized in the parties' motions, many courts have thoughtfully considered this issue and reached differing opinions on the removability of cases involving only federal-law Securities Act claims under § 77v(a). The Court has reviewed

these opinions and the text of the Securities Act, and finds ample basis to deny Plaintiffs' motion to remand and consider this case on the merits. Doing so, however, is not prudent given the Supreme Court's pending clarification on this issue. Thus, the Court exercises its inherent power to stay this case pending an opinion *Cyan*. *See United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014).

## Conclusion

Accordingly:

IT IS ORDERED that Defendants' Motion to Stay Pending Supreme Court's Decision in *Cyan* Litigation [#15] is GRANTED and this case is STAYED, pending the Supreme Court's decision in *Cyan*;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand [#11] is DISMISSED WITHOUT PREJUDICE to refile after the stay is lifted; and

IT IS FINALLY ORDERED that the parties in this cause shall notify the Court following the Supreme Court's decision in *Cyan*.

SIGNED this the 6th day of October 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE